## (March 15, 1973)

In the Matter of GLORIA DIAZ et al., Petitioners, v. GEORGE K. WYMAN, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Determination of State Commissioner of Social Services, dated September 15, 1971, rendered after a hearing, affirming determination of New York City Department of Social Services, which reduced certain installment payments of petitioner's current public assistance grants, unanimously annulled, on the law, without costs and without disbursements, and the matter is remitted to the State Commissioner for rehearing. The petitioner had been receiving assistance in the sum of $188.40 semi-monthly for seven people, herself and six children; the amount reflected a deduction to cover the amount of a duplicated check. At the hearing, petitioner denied cashing the check at issue or receiving the proceeds. After an abortive request by petitioner's attorney (a law student) for an adjournment in order to bring in a handwriting expert, no adjournment was given and the hearing was concluded. On similar evidence, this court annulled the determination of the State Commissioner on the ground that the determination was not supported by substantial evidence. (*Boyd* v. *Wyman*, 39 A D 2d 874.) At the rehearing, respondent should address itself to the consideration that the public assistance paid the recipient was primarily for support of her six children, and also endeavor to reconcile the apparent discrepancy regarding the application of 18 NYCRR 352.7(g)(1) to circumstances occurring prior to its effective date. Concur — Stevens, P. J., McGivern, Kupferman, Lane and Capozzoli, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STANLEY DAVIDSON, Appellant.— Order, Supreme Court, New York County, entered on May 18, 1971, denying applicant's motion for a writ of error *coram nobis*, unanimously affirmed. So that there may be no mistake about it (see *United States ex rel. Rose* v. *La Vallee*, 468 F. 2d 1288), we have considered and rejected the appellant's contention that he was deprived of constitutional rights. (*People* v. *Davidson*, 32 A D 2d 741, 33 A D 2d 1007.) Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ.